## John Oberman v. Charles M. Reece.

1. INSTRUCTIONS—*Ignoring Provisions in Written Contracts.*—In an action against a pawnbroker in replevin, an instruction which entirely ignores the provisions in the written contract (pawn ticket) which exempts the pawnbroker in event of the loss of the property by fire or theft, is erroneous.

Replevin.—Appeal from the County Court of Sangamon County; the Hon. GEORGE W. MURRAY, Judge, presiding. Heard in this court at the November term, 1900. Reversed and remanded. Opinion filed June 10, 1901.

MILLER & WINETEER, attorneys for appellant.

JOHN G. FRIEDMEYER, attorney for appellee.

Mr. Presiding Justice Harker delivered the opinion of the court.

On the 3d of June, 1899, appellee, to secure a loan of money, pawned a watch to appellant and received from him a pawnbroker's ticket which recited that appellee had sold to appellant the watch, with the right to repurchase it on or before the 3d of July, for $3.75 and legal interest, except in case of loss from thieves or fire. The watch was not redeemed within the time limit fixed in the ticket, and was not called for until the 23d of December following. Appellant then told appellee that it had been stolen. Appellee sued out a writ of replevin from a justice of the peace which was served upon appellant but returned without the watch. Upon the trial which followed, the justice rendered judgment against appellant for $30. On appeal to the County Court a trial by jury resulted in a verdict and judgment for $20 against him. He appeals to this court and urges that the verdict is against the evidence and that the County Court improperly instructed the jury.

Appellant testified that he did not sell the watch but that it was stolen from his shop after the time for its redemption had expired. There was no evidence whatever, that he had converted the watch to his own use.

The court gave to the jury the following instruction:

"The court instructs you that if you believe from the evidence that the plaintiff made application for a loan of money from the defendant, and said loan was made and the plaintiff delivered the watch in question to the defendant as security, then such watch was held in pledge by the defendant for the plaintiff and he thereby became liable for its return to the owner on demand, after returning the money borrowed, if such money was tendered according to the contract between the parties."

This instruction was erroneous in that it entirely ignored the provision in the written contract (the ticket) which exempted appellant in event of loss of the watch by fire or theft.

Because of this erroneous instruction the judgment will be reversed and the cause remanded.